# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

IN RE:

| | |
|---|---|
| **S K TRANSPORT INC.** <br> **Debtor,** | ) Case No. 2:17-bk-20298 <br><br> ) Chapter 11 <br><br> ) Judge: <br> ) Hon. Frank W. Volk |

## AMENDED ORDER OF COURT

This day came the Debtor, by counsel, upon consideration of the Consent Motion To Use Cash Collateral, The Court finds:

1.　The Debtor and Debtor in Possession, S K Transport Inc. (collectively "Debtor") filed its Chapter 11 bankruptcy case on May 30, 2017, (the "Petition Date");

2.　This Order is subject to, and WEX Bank, as purchaser and FleetOne Factorings, LLC, a wholly owned subsidiary of WEX Bank, as servicer for WEX Bank, ("FleetOne" and WEX Bank are collectively referred to herein as th "WEX Entities") are entitled to the benefits of, the provisions of 11 U.S.C. §§ 363.  This Court has jurisdiction over this proceeding and he parties and property affected hereby pursuant to 28 U.S.C. 157(a).

3.　Prior to the Petition Date, the Debtor had an agreement with FleetOne Factorings, LLC, to give Debtor 90% of funds due from Dow Chemical and Convestro,

LLC up front and FleetOne is to hold 10% back and upon receipt of funds from Dow and Convestro will give Debtor an additional 7% and retain 3% for their services, pursuant to a certain Account Purchase Agreement dated November 7, 2013, between the Debtor and WEX Bank (the "Purchase Agreement") and document related to the Purchase Agreement, attached hereto as Exhibit A.

4. The obligation to WEX Bank is secured by a security interest in favor of WEX Bank upon all of the Debtor's assets pursuant to Financing Statements filed as follows (the "Financing Statements"):

| JURISDICTION | FILING DATE | FILING NO. | DEBTOR |
|---|---|---|---|
| U.S. Bankruptcy Court for the Southern District of West Virginia | May 30, 2017 | 17-20298 | S K Transport Inc. |

5. The security interests and liens granted to WEX Bank in the Purchase Agreement are deemed validly granted, duly attached, and properly perfected, without the need of any additional actions being taken by or on behalf of WEX Bank.

6. FleetOne, as servicer for WEX Bank, provides underwriting, credit, administrative and operational support, including the collection of the Accounts purchased by WEX Bank pursuant to the Purchase Agreement.

7. The Debtor is a corporation which provides transportation services to third parties.

8. WEX Bank was not notified of the inception of this case until mid-July, 2017, and therefore continued to honor its pre-petition Accounts Purchase Agreement with the Debtor, and the Debtor and WEX Bank seek to obtain this Court's approval of

the factoring arrangement between the parties nunc pro tunc as of the commencement of this case.

9.  Good, adequate and sufficient cause has been shown to justify the granting of the relief requested herein

ACCORDINGLY, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

10.  The Debtor is authorized, on an interim basis, to sell and assign its accounts receivables to WEX Bank in accordance with the terms of this Order, the Purchase Agreement and WEX Bank's Debtor In Possession Addendum to Accounts Purchase Agreement attached hereto as Exhibit B (the Purchase Agreement and Addendum are collectively referred to as the "Purchase Documents").

11.  WEX Bank shall hereby be determined to be the owner of accounts receivable purchased by it, pursuant to the terms of the Purchase Documents and such purchased accounts receivable and all proceeds therefrom shall be the sole property of WEX Bank, and will not, when purchased by WEX Bank, constitute property of the estate, and shall be free and clear of any liens, interests, and encumbrance other than the rights granted to WEX Bank.  Debtor shall not grant to any party any interest in its accounts receivable or proceeds thereof or priority in payment prior to, equal to, or greater than the lien or priority in payment hereby being accorded to WEX Bank with respect to the accounts receivable and proceeds thereof.

12.  Nothing in the Purchase Documents, or any of the documents executed and taken in connection with the post-petition purchase and sale of accounts receivable, or this Order, shall give this Court the authority to require WEX Bak to purchase accounts receivable of Debtor or to advance funds to or for the benefit of

Debtor, such being in the sole discretion of WEX Bank.

13.     The WEX Entities are hereby afforded the protection of Section 364(e) of the Bankruptcy Code with regard to the reversal or modification on appeal of this order, or to the modification, vacating, or other amendment of this Order by this Court.

14.     The entry of this Order and execution, delivery, and performance under the Purchase Documents, or any other documents executed in connection therewith, do not constitute a compromise, waiver, or other relinquishment of any right of the WEX Entities at law, in equity or otherwise, including, but not limited to, any right of the WEX Entities to request and to obtain relief under the Bankruptcy Code.

15.     Debtor may use the funds received from WEX Bank pursuant to the terms and conditions of the Purchase Documents, in the ordinary course of its business including reasonable amounts in payment of professional persons employed pursuant to 11 U.S.C. § 327, provided that such fees shall have been approved by order of the Court.  Debtor's rights to the collection on the accounts receivable purchased by WEX Bank shall only be as set forth in the Purchase Documents.  Any collections of accounts receivable received directly by Debtor shall be immediately forwarded to WEX Bank.

16.     The Debtor is authorized, on an interim basis, to provide adequate protection, pursuant to sections 363(c)(2)(A) and 363(e) of the Bankruptcy Code, to WEX Bank pursuant to the terms and conditions set forth in this Order, pending a final hearing on Debtor's use of Cash Collateral.

17.     WEX Bank hereby granted, as adequate protection for any diminution in the value of its prepetition collateral, and the proceeds thereof, and Cash Collateral, and the proceeds thereof, a valid, perfected and enforceable first-priority security

interest (the "Replacement Liens") in and upon all of the categories and types of collateral in which WEX Bank held a security interest and lien as of the Petition Date (the "Prepetition Collateral"), including, without limitation, Cash Collateral, and the proceeds thereof (collectively, all of the collateral described in this paragraph, the "Collateral").

18.  The Replacement Liens granted by this Order: (I) are in addition to all security interests, liens and rights of set-off of WEX Bank existing on the Petition Date; and (ii) are valid, perfected, enforceable and effective as of the date of the entry of this Order without any further action by the Debtor or FleetOne and without the necessity of the execution, filing or recordation of any financing statements, security agreements, vehicle lien applications, filings with the United States Patent and Trademark Office, mortgage or other documents.

19.  In addition, to the Replacement Liens granted to WEX Bank pursuant to this Order, WEX Bank is hereby granted a superpriority administrative claim under Section 507(b) of the Bankruptcy Code (the "507(b) Claim") in the full amount allowable under Section 507(b) and the Bankruptcy Code.  Such 507(b) Claim shall be allowed and have priority in payment over all other costs and expenses, now existing or hereafter arising, of the kind specified in or ordered pursuant to Sections 105, 326, 330, 331, 503(b), 506(c), 507(a), and 1114 of the Bankruptcy Code.

20.  Notwithstanding anything to the contrary, the Replacement Liens and 507(b) Claim granted to WEX Bank pursuant to this Order shall be subject and subordinate to the amounts payable to the United States Trustee pursuant to 28 U.S.C. § 1930(a).

21. The Debtor is authorized pursuant to 11 U.S.C. §363(c)(2) to sell its accounts receivables to WEX Bank, under the terms of this Order and the Purchase Documents.

22. FleetOne is authorized to provide underwriting, credit, administrative and operational support, including making advances to Debtor upon the purchase of the accounts receivable by WEX Bank and the collection of the Accounts purchased by WEX Bank pursuant to the Purchase Documents.

23. As WEX Bank's prepetition purchase of the Debtor's accounts receivable removed those receivables from this bankruptcy estate, the automatic stay of 11 U.S.C. 362 does not prohibit WEX Bank from collection of those receivables.

24. The Debtor is authorized to use the Cash Collateral in accordance with this Stipulated Order and Purchase Documents until the earlier of (a) the failure of Debtor to perform any of obligations under this Order or the Purchase Documents, (b) conversion of the Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code, or (c) payment in full of FleetOne's Indebtedness, including costs and expenses of FleetOne.

25. The Debtor shall execute any documents and take actions required in connection with or as may be necessary or appropriate to carry out the intent of this Order authorizing use of Cash Collateral ("Cash Collateral Order").

26. This Cash Collateral Order is sufficient and conclusive evidence of the priority, validity and perfection of the security interests in and liens upon the property of the estate of Debtor (including the Replacement Liens) granted to WEX Bank, without the need of any additions being taken by or on behalf of WEX Bank, including but not

limited to the filing or recording of Uniform Commercial Code financing statements; provided, however, in the event WEX Bank elects to make such filings or recordations, Debtor will execute all documents reasonably requested by WES Bank to do so.

27. The provisions of this Cash Collateral Order shall inure to the benefit of Debtor and the WEX Entities, their successors and assigns, and shall be binding upon the successors and assigns of the parties.

28. If the Debtor defaults under this Cash Collateral Order, WEX Entities shall be granted a hearing on an emergency basis, upon application, on the issue of the termination of the Debtor's authority to use Cash Collateral.

29. It shall be a default under the terms of this Order if the Debtor directly or indirectly participates in or supports a plan or reorganization that modifies, amends or supersedes any term or condition of this Cash Collateral Order or the Factoring Documents without the written agreement of WEX Bank.

30. If the Debtor or a trustee (if appointed), continues to use Cash Collateral after the expiration of this Order and while WEX Bank Indebtedness is still outstanding, WEX Bank is deemed to have been granted continuing, uninterrupted adequate protection pursuant to the terms and conditions of this Order as if this Order was at all times still in full force and effect.

31. This Order shall be effective nunc pro tunc as of May 30, 2017.

32. Debtor shall serve a copy of this Order on the 20 largest unsecured creditors), taxing bodies, secured creditors, priority claimants, and equity security holders and other parties as directed by the Court and shall file a certificate of service within five days from the date of this Order.

33.     Any extension of the term of this Order may be filed upon consent, and served on required notice parties, provided that there are no material changes to the other provisions of the Order.

Submitted by:

/s/ Joseph W. Caldwell
Joseph W. Caldwell (State Bar #586)
Caldwell & Riffee
3818 MacCorkle Avenue, SE
P. O. Box 4427
Charleston, WV 25364
(304) 925-2100 (Voice)
(304) 925-2193 (Facsimile)
Email jcaldwell@caldwellandriffee.com
Counsel for Debtor